**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   )<br>                                                          )<br>            **Plaintiff,**                       )<br>                                                          )<br>v.                                                       )     **Case No. 12-1058-KMH**<br>                                                          )<br>**$27,200.00 IN UNITED STATES** )<br>**CURRENCY, More or less,**        )<br>                                                          )<br>            **Defendant,**                    )<br>                                                          )<br>**and**                                                )<br>                                                          )<br>**ANGELO NELSON,**                   )<br>                                                          )<br>**WILLIAM LYNCH,**                    )<br>                                                          )<br>            **Claimants**                      )<br>                                                          )<br>                                                          ) | |

## MEMORANDUM AND ORDER

This in rem forfeiture action is before the court on plaintiff's motion to strike the claim of William Lynch because he lacks Article III standing to contest the action. (Doc. 17).[1] No response to the motion has been filed; therefore, the motion is uncontested. D. Kan. Rule 7.4. As discussed in greater detail below, the motion is GRANTED based on the merits

---

[1] The parties consented under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 to the jurisdiction of the undersigned magistrate judge. (Doc. 15).

of plaintiff's arguments.

## Background[2]

Highly summarized, on October 6, 2011, a Kansas Highway Patrol Trooper stopped a car for a traffic violation on Interstate 70 in Wabaunsee County, Kansas. The Trooper detected the odor of marijuana emanating from the vehicle and, with other officers, searched the vehicle. The officers located $27,200 together with marijuana seeds and gleanings in a plastic tote in the trunk. The passenger, Seth Urie, later told law enforcement officers that he was to be paid $2,000 to accompany the driver, Angelo Nelson, to deliver marijuana and that the $27,200 was the currency they received for the marijuana. Plaintiff filed this action seeking the forfeiture of the $27,200 for violations of 21 U.S.C. 841 (unlawful distribution of a controlled substance).

## Motion to Strike

William Lynch filed a claim contesting the forfeiture of the $27,200 and asserted an interest in the property. Specifically, Lynch claimed that he made a personal loan to Mr. Nelson of $30,000 on October 3, 2011 that was evidenced by a written contractual agreement. (Doc. 11). In the alternative, Mr. Lynch asserted that "he is the bailor and that Mr. Nelson was a bailee of the property subject to their agreement for return of the property."

---

[2] The "background" is taken from allegations in plaintiff's complaint and provides context for the forfeiture action. The background statements in this opinion should not be construed as findings of fact.

Lynch claimed that he was unaware of any criminal activity that may be attributed to Mr. Nelson, and is therefore an innocent third party whose interest in the defendant property should be recognized and upheld. Plaintiff moves to strike Mr. Lynch's claim, arguing that he is an unsecured creditor and lacks sufficient ownership interest in the seized property to create a case or controversy.

Pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the government may move at any time before trial to strike a claim or answer "because the claimant lacks standing." The claimant carries the burden of establishing standing by a preponderance of the evidence. Rule G(8)(c)(ii)(B).

Mr. Lynch has not shown by a preponderance of the evidence that he has standing in this forfeiture case. At best, Mr. Lynch loaned Angelo Nelson $30,000 pursuant to a written agreement dated October 3, 2011. The three paragraph agreement provides that the $30,000 in cash is "a personal loan to be used whenever and however felt necessary by Angelo Nelson." (Doc. 17-1). The agreement also provides that the money will be paid back either in "one lump sum or through contract tile labor of a period no longer than one year" and Mr. Lynch "is holding" title to four vehicles as collateral for the loan. Id.

Federal courts have consistently held that creditors who do not have a security interest in the seized property lack standing to challenge the civil forfeiture of the debtor's property. See U.S. v. $26,620.00 in U.S. Currency, 2011 WL 3235720 (D. Colo., July 28, 2011). Mr. Lynch has tendered no evidence of a secured interest in the cash that is the subject of this forfeiture action. Similarly, he has not tendered any evidence that a bailor/bailee relationship

-3-

existed concerning the $30,000 in cash loaned to Nelson on October 3, 2011. As a result, he lacks standing to challenge the forfeiture. Accordingly, Mr. Lynch's claim (Doc. 11) and answer (Doc. 13) shall be stricken.

**IT IS THEREFORE ORDERED** that the United States' motion to strike the claim and answer of William Lynch **(Doc. 17)** is **GRANTED.** Mr. Nelson's counsel shall file an amended answer that excludes any responses or contentions by Mr. Lynch by **November 29, 2012.**[3]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of November 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] Mr. Nelson and Mr. Lynch filed a joint answer to the government's complaint. (Doc. 13). This original answer will remain on file for purposes of the record but counsel must file an amended answer containing only Mr. Nelson's responses and contentions.